UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANAE M. BRANTLEY,

                Plaintiff,

-against-

TAMPA POLICE DEPARTMENT; NYPD;
NAACP; LEGAL AID SOCIETY (BRONX);
HUMAN RIGHTS DIVISION; AIM AND
DePAOLA LAW FIRM; ANIT VIOLENCE;
CHANNEL 12 NEWS; EEOC (TAMPA);
LGBT LAW FIRM; NEW YORK TIMES;
UNITED STATES GOVERNMENT; STATE
OF FLORIDA (SEE VIDEOS); FBI NEW
YORK; FBI TAMPA; HILLS & ROSE LAW
FIRM; HILLSBOROUGH COUNTY JAIL;
FLORIDA STATE HOSPITAL;
MONTEFIORE CLINIC; RIKERS ISLAND
JAIL,

                Defendants.

19-CV-10362 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

    Plaintiff Janae M. Brantley, who is proceeding *pro se* and *in forma pauperis* (IFP), filed a complaint alleging that Defendants violated her rights. Plaintiff's complaint and subsequent letters and attachments were not the model of clarity and did not make any clear allegations against any of the named Defendants.

    By order dated December 3, 2019, the Court: (1) dismissed Plaintiff's complaint for failure to state a claim; (2) granted Plaintiff leave to replead to provide facts to support her claim that she was falsely arrested and discriminated against based on her gender and race; and (3) declined to transfer Plaintiff's claims that allegedly occurred in Tampa, Florida. (ECF No. 8.)

    Three days later, on December 6, 2019, Plaintiff filed an amended complaint. (ECF No. 9.) Plaintiff's amended complaint, much like her original complaint, letters, and attachments,

contains disjointed information, some of which was included in her original submissions. From December 1, 2019, through January 27, 2020, Plaintiff also submitted ten letters in this case. (ECF Nos. 11-19.) These letters, much like her original and amended complaints, also contain disjointed and unclear information, making it impossible to ascertain the claims she seeks to raise, and the Defendants involved in those claims. Plaintiff continues to make unsupported claims of discrimination.

To the extent that Plaintiff reiterates claims that occurred in Florida and seeks to raise claims that occurred in Georgia, this Court is not the proper venue to raise these claims, and the Court again declines to transfer these claims. If an action is filed with the wrong district court, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). This provision vests broad discretion with district courts to decline to transfer a case where it would not be in the interest of justice to effect such a transfer. *See Reese v. CNH America, LLC*, 574 F.3d 315, 320 (6th Cir. 2009).

On December 11, 2019, Plaintiff filed a letter and documents totaling 155 pages. (ECF No. 10.) This submission contains copies of articles that do not appear to have anything to do with Plaintiff or her purported claims. Two days later, on December 13, 2019, Plaintiff filed a submission containing copies of documents regarding an arrest and letters from attorneys informing Plaintiff that they declined to represent her. (ECF No. 11.) On December 16, 2019, Plaintiff filed an 8-page submission containing several pages that were previously submitted to the Court, *see* ECF No. 5, along with copies of pictures that do not appear to be related to Plaintiff or her claims. (ECF No. 12.) Four days later, on December 20, 2019, Plaintiff filed a 22-page submission, containing seemingly random pictures and documents. (ECF No. 13.) On

December 23, 2019, Plaintiff filed an 18-page submission containing many pages that were previously submitted to the Court. (ECF No. 14.) Plaintiff then filed an 11-page submission on December 26, 2019 (ECF No. 15), and many of the pages of this submission were also previously submitted to the Court. Twelve days later, on January 7, 2020, Plaintiff filed a six-page submission (ECF No. 16), which also contained pages previously submitted to the Court. Plaintiff next filed a 14-page submission on January 23, 2020 (ECF No. 17), which also contained pages previously submitted to the Court. The very next day, Plaintiff filed a two-page submission (ECF No. 18), asserting, without any supporting facts, that she was discriminated against in Bronx Supreme Court and including a copy of a Sheriff's Certificate of Service for a state-court action against Super Deal. Plaintiff's last and most recent submission, filed on January 27, 2020, is a two-page submission regarding Plaintiff's ordering her birth certificate from Georgia Vital Records, and an unsupported assertion that she was discriminated against "due to the fact that [she is] filing discrimination charges against them for helping a Klan member." (ECF No. 19.)

      The Court has reviewed Plaintiff's amended complaint and all the other documents submitted by Plaintiff. In all of the documents, Plaintiff reiterates many of the same allegations contained in her original submission and she continues to fail to connect the individuals named as Defendants to the claims she purports to raise. She repeats the unsupported claim that she was falsely arrested and discriminated against based on her gender and race without providing facts to support those claims and without identifying the Defendants responsible.

      Because Plaintiff does not make any clear allegations against any of the named Defendants and as a result, the Court is unable to tell what these Defendants allegedly did or

failed to do that violated her rights, Plaintiff's action remains dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

The Clerk of Court is directed to transmit a copy of this order to Plaintiff and note service on the docket.[1]

Plaintiff's amended complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

All other requests are denied as moot.

SO ORDERED.

Dated:  April 28, 2020
        New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.

---

[1] Plaintiff has consented to receive electronic service of notices and documents in this case. (ECF No. 3.)