UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANAE M. BRANTLEY,

       Plaintiff,

     -against-

TAMPA POLICE DEPARTMENT; NYPD; NAACP; LEGAL AID SOCIETY (BRONX); HUMAN RIGHTS DIVISION; AIM AND DePAOLA LAW FIRM; ANIT VIOLENCE; CHANNEL 12 NEWS; EEOC (TAMPA); LGBT LAW FIRM; NEW YORK TIMES; UNITED STATES GOVERNMENT; STATE OF FLORIDA (SEE VIDEOS); FBI NEW YORK; FBI TAMPA; HILLS & ROSE LAW FIRM; HILLSBOROUGH COUNTY JAIL; FLORIDA STATE HOSPITAL; MONTEFIORE CLINIC; RIKERS ISLAND JAIL,

       Defendants.

19-CV-10362 (LLS)

ORDER

LOUIS L. STANTON, United States District Judge:

  Plaintiff filed this action *pro se*. By order dated April 28, 2020, the Court dismissed Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (ECF No. 20.) On July 16, 2020, approximately three months after the Court dismissed the action, Plaintiff filed a second amended complaint (ECF No. 23), and on July 28, 2020, Plaintiff filed a third amended complaint (ECF No. 24). By order dated July 31, 2020, the Court construed Plaintiff's submissions as motions for reconsideration and denied the motions. (ECF No. 26.) The Court also warned Plaintiff that if she continued to file frivolous or meritless documents in this case, that the Court would order Plaintiff to show cause why she should not be barred from filing any further documents in this case. (*Id.*)

On August 5, 2020, Plaintiff filed a request to proceed *in forma pauperis* (IFP) and a fourth amended complaint. (ECF Nos. 28, 29.) On August 6, 2020, Plaintiff filed a consent to receive electronic service. (ECF No. 27.) The next day, on August 7, 2020, Plaintiff filed an application for the court to request *pro bono* counsel. (ECF No. 30.) On August 21, 2020, Plaintiff filed a motion to reopen this case "at 60 Centre Street at the Supreme Court." (ECF No. 31.)

By Mandate issued on November 5, 2020, Plaintiff's notice of appeal was dismissed for Plaintiff's failure to file an "Appellant's Form D-P." *See* No. 20-1904 (2d Cir. Nov. 5, 2020) (ECF No. 32).

## DISCUSSION

**A.      Motion for Reconsideration**

The Court liberally construes Plaintiff's August 21, 2020 submission as a motion under Fed. R. Civ. P. 59(e) to alter or amend judgment and motions under Local Civil Rule 6.3 for reconsideration, and, in the alternative, as motions under Fed. R. Civ. P. 60(b) for relief from a judgment or order. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him") (citations omitted).

The standards governing Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 are the same. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). The movant must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *Id.* at 509 (discussion in the context of both Local Civil Rule 6.3 and

Fed. R. Civ. P. 59(e)); *see Padilla v. Maersk Line, Ltd.*, 636 F. Supp. 2d 256, 258-59 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'") (internal quotation and citations omitted).

Plaintiff has failed to demonstrate in her submission that the Court overlooked any controlling decisions or factual matters with respect to the dismissed action. Plaintiff's motion under Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 is therefore denied.

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

The Court has reviewed Plaintiff's submission, and even under a liberal interpretation of her motion, Plaintiff has failed to allege facts demonstrating that any of the grounds listed in the first five clauses of Fed. R. Civ. P. 60(b) apply. Therefore, the motion under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Fed. R. Civ. P. 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Rule 60(b)(6) cannot circumvent the one-year limitation applicable to claims under clauses (1)-(3) by invoking the residual clause (6) of Rule 60(b). *Id.* A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (*per curiam*) (citation omitted).

Plaintiff has failed to allege any facts demonstrating that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

## CONCLUSION

Accordingly, Plaintiff's motion for reconsideration (ECF No. 31) is denied.

Plaintiff's request for counsel (ECF No. 30) is denied as moot.

The Clerk of Court is directed to transmit a copy of this order to Plaintiff and note service on the docket.[1]

Plaintiff's case in this Court under Docket No. 19-CV-10362 is closed. The Court will only accept for filing documents that are directed to the United States Court of Appeals for the Second Circuit. Plaintiff is again advised that if she continues to file other documents that are

---

[1] Plaintiff has consented to receive electronic service of notices and documents in this case. (ECF No. 3.)

frivolous or meritless, the Court will direct Plaintiff to show cause why she should not be barred from filing further documents in this action.

SO ORDERED.

Dated:   February 10, 2021
         New York, New York

_____
Louis L. Stanton
U.S.D.J.